## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

| | |
|---|---|
| JAMES GLADDEN, JR., | ) |
| Plaintiff, | ) ) |
| | ) NO. 1:18-cv-00081 |
| v. | ) JUDGE CAMPBELL |
| | ) MAGISTRATE JUDGE |
| GUNNAR SOUTHERLAND, *et al.*, | ) FRENSLEY |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

James Gladden, Jr., a pre-trial detainee in the custody of the Marshall County Jail in Lewisburg, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Gunnar Southerland and Judge Barbara Medley, alleging violations of Plaintiff's constitutional and civil rights. (Doc. No. 1). The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.     PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016)(citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the

1

plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007)(citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.     Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009)(quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III.    Alleged Facts

The complaint alleges that, on August 2, 2018, Officer Gunnar Southerland arrived at Plaintiff's personal residence in Lewisburg, Tennessee. Although an alleged victim "testified to Gladden's innocence," Southerland arrested Plaintiff for aggravated domestic assault. At the time of his arrest, Southerland did not tell Plaintiff why he was being arrested and failed to give Plaintiff his *Miranda* rights. The complaint alleges that Southerland falsely arrested Plaintiff because he is an African-American and the alleged victims were "Anglo-American[s]." (Doc. No. 1 at 5).

The complaint further alleges that, on September 24, 2018, Lewisburg "City Court" Judge Barbara Medley violated Plaintiff's Sixth Amendment right to effective counsel because she did not grant Plaintiff's request to remove his court-appointed defense attorney. (*Id*. at 2). On October 28, 2018, Judge Medley "show[ed] judicial prejudice" during Plaintiff's preliminary hearing by ruling to bound over all charges against Plaintiff, despite an alleged victim testifying that Plaintiff was innocent. (*Id*. at 6). Plaintiff seeks a dismissal of all charges, monetary damages, and lost wages. (*Id*. at 7).

## IV. Analysis

The complaint names two Defendants: Officer Southerland and Judge Barbara Medley. Both Defendants are sued in their individual and official capacities. (Doc. No. 1 at 2).

### A. Officer Southerland in his official capacity

A claim against Officer Southerland in his official capacity is a claim against the Officer's office rather than the individual himself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff alleges in his complaint that Officer Southerland is employed by the City of Lewisburg, Tennessee. In essence, then, Plaintiff's official capacity claims against Officer Southerland are against the City of Lewisburg, Tennessee. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will*, 491 U.S. 58, 68 ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity.")).

While Lewisburg, Tennessee, is a suable entity, it is responsible under Section 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal citations and quotation marks omitted). Under Section 1983, a municipality can only be held liable if the plaintiff demonstrates that the

3

alleged federal violation was a direct result of the city's official policy or custom. *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978)); *Regets v. City of Plymouth*, 568 Fed. App'x 380, 394 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against the City of Lewisburg under Section 1983. The complaint does not identify or describe any of the City's policies, procedures, practices, or customs relating to training; it does not identify any particular shortcomings in that training or how those shortcomings caused the alleged violations of Plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put the City on notice of a problem. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metro. Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metro. Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL 3619790, at **2-3 (M.D. Tenn. Sept. 13, 2010). Accordingly, the Court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against the City of Lewisburg. Any such claim will be dismissed.

### B. Officer Southerland in his individual capacity

#### 1. False arrest claims

The complaint alleges that Plaintiff was falsely arrested by Officer Southerland, who knew or should have known that Plaintiff was not guilty of the crime charged. Plaintiff does not clarify

whether he brings this false arrest claim under federal or state law. The Court presumes the claim to be brought under both. *Voticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) ("False arrest claims can be brought under either federal or state law.").

The Fourth Amendment requires that a law enforcement official have probable cause for an arrest. U.S. Const. amend. IV. The probable cause necessary to justify an arrest is defined as "whether at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense." *Radvansky v. City of Olmsted*, 496 F.3d 609, 614-15 (6th Cir.2007) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). The probable cause determination is limited to the "totality of the circumstances" known to the officer at the time of arrest, including all facts known to the officer at the time. *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir.2000).

"When a plaintiff is arrested pursuant to a warrant, the plaintiff must show "that in order to procure the warrant, [the officer] knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that created a falsehood and such statements or omissions were material, or necessary, to the finding of probable cause." *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (citations omitted)). A facially valid warrant is not always sufficient to merit dismissal of a false arrest claim brought pursuant to Section 1983 when evidence exists that a defendant intentionally misled or intentionally omitted information at a probable cause hearing for an arrest or search warrant if the misleading or omitted information is critical to the finding of probable cause. *See Mays v. City of Deyton*, 134 F.3d 809, 816 (6th Cir. 1998); *United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997). In the context of a warrantless arrest, a police officer

5

may be under some duty to make a reasonable investigation in determining whether adequate probable cause exists for an arrest. *See Gardenhire*, 205 F.3d 303, 328.

Here, the complaint alleges that, when Officer Southerland arrived at Plaintiff's residence, an alleged victim "testified to Gladden's innocence" but the Officer nevertheless arrested Plaintiff for aggravated domestic assault without probable cause. (Doc. No. 1 at 5). There is no information in the complaint concerning why Officer Southerland came to Plaintiff's residence in the first place, what circumstances the Officer encountered upon his arrival, and whether the Officer had arrived with arrest warrant or obtained one after Plaintiff's arrest. As to Officer Southerland's state of mind while he was arresting Plaintiff, the complaint alleges that the Officer arrested Plaintiff because he is an African-American and the alleged victims were "Anglo-American[s]." (Doc. No. 1 at 5). The complaint does not allege that Officer Richardson knowingly presented false evidence to a court that resulted in wrongful charges against Plaintiff.

The Court finds that, because the complaint does not allege with any particularity that there were untrue factual assertions in an arrest warrant affidavit sworn out by Officer Richardson after Plaintiff already had been taken into custody or that Officer Richardson knowingly presented false testimony or evidence to a court that resulted in wrongful charges against Plaintiff, the complaint fails to state a false arrest claim against Officer Richardson in his individual capacity. Plaintiff's allegations about Officer Southerland's racially discriminatory motives are conclusory. This claim will be dismissed.

### 2. Failure to administer *Miranda* warnings

Next, Plaintiff alleges that Officer Southerland violated Plaintiff's rights by failing to administer *Miranda* warnings. The Fifth Amendment to the Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. 5.

The Fifth Amendment privilege against self-incrimination is implicated whenever "an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning." *Miranda v. Arizona,* 384 U.S. 436, 478 (1966). "[A] mere failure to give *Miranda* warnings does not, by itself, violate a suspect's constitutional rights or even the *Miranda* rule." *United States v. Patane*, 542 U.S. 630, 641 (2004). Here, the complaint does not allege that Plaintiff was interrogated by officers or made any involuntary statements before having been given his *Miranda* warnings. Indeed, Plaintiff does not seek to suppress any statements he made prior to receiving his *Miranda* warnings. Consequently, there was no constitutional violation simply because Plaintiff was not given his *Miranda* warnings. This claim lacks merit and will be dismissed.

**C.     Judge Medley**

Judge Medley denied Plaintiff's request to terminate the services of his court-appointed defense attorney in September 2018 and presided over Plaintiff's preliminary hearing in October 2018. Plaintiff seeks damages from Judge Medley for her alleged unconstitutional acts. (Doc. No. 1 at 7). However, a judge has absolute immunity from suit both from money damages and injunctive relief for her judicial acts. *See Butz v. Economou*, 438 U.S. 478, 511-12 (1978), *Kipen v. Lawson*, 57 Fed. App'x 69, 692 (6th Cir. 2003). Judicial immunity is an immunity from suit, not just immunity from the assessment of money damages. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Because a plaintiff's allegations of bad faith, malice, or corruption against a judge cannot overcome absolute judicial immunity from suit, a judge is entitled to have a suit accusing him or her of acting in bad faith, maliciously, or corruptly dismissed on the basis of judicial immunity. *See id.*

Judicial immunity from suit can be overcome in two situations, neither of which is applicable here. A judge is not immune from liability for non-judicial actions, *i.e.*, actions not

7

taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349 (1978). Neither of these exceptions to judicial immunity is applicable because the alleged acts of Judge Medley in denying Plaintiff's request to terminate the services of his court-appointed attorney and in binding over the charges against Plaintiff to the Circuit Court clearly were judicial acts taken in the course of her judicial capacity and were not committed in the complete absence of all jurisdiction. The complaint makes no allegations that would subject Judge Medley to liability in her individual capacity. Therefore, Judge Medley is absolutely immune from this civil suit, and Plaintiff's claims against her in her official and individual capacities must be dismissed.

**D.     Plaintiff's request for dismissal of state charges against him**

Next, the complaint specifically seeks a dismissal of all charges against Plaintiff. (Doc. No. 1 at 7). The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)) (emphasis added). A Section 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under Section 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a

writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). The United States Supreme Court extended *Heck* to bar Section 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Plaintiff's request for relief to have all charges dismissed directly challenges his continued confinement. This request is barred by *Heck* and its progeny. Plaintiff's concerns regarding the constitutionality of his continued confinement would be more appropriately brought in a separate petition for writ of habeas corpus, not in a civil rights complaint. Those claims will be dismissed without prejudice, should Plaintiff wish to pursue them via the appropriate route.

### E.  State law claims

Finally, to the extent the complaint could be construed to allege state law claims of false arrest, 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

*Id*. The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." *Id*. at § (c)(3).

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction to hear any state law claims set forth in the complaint. As such, any state law claims asserted in the complaint will be dismissed without prejudice, to be filed, if Plaintiff so chooses, in a Tennessee state court.

## V. Conclusion

For the reasons explained herein, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against both Defendants. 28 U.S.C. § 1915A. Therefore, this action will be dismissed. 28 U.S.C. § 1915(e)(2). Plaintiff's claims concerning the validity of his continued confinement will be dismissed without prejudice, should Plaintiff wish to pursue them by way of a petition for writ of habeas corpus. Likewise, Plaintiff's state law claims will be dismissed without prejudice, to be filed, if Plaintiff so chooses, in a Tennessee state court.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE